# In the United States Court of Federal Claims

No. 19-1765C

(Filed:  March 24, 2020)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **WENDELL HARPER,** | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) |
| *Defendant.* | ) ) |

## OPINION AND ORDER

      On November 15, 2019, Plaintiff, Wendell Harper, filed a complaint in this Court.  The complaint is difficult to follow and contains virtually no factual allegations.  As far as the Court can discern, however, Mr. Harper primarily requests that this Court order the Internal Revenue Service and several private lending corporations[1] to "show cause" as to why those entities allegedly denied Mr. Harper some unspecified hearing and failed to process some unidentified claim for compensation.  The complaint also appears to allege, absent any specific factual allegations, that the defendant obstructed justice in violation of various provisions of Title 18 of the United States Code and was otherwise negligent.  Mr. Harper attached 29 pages of "exhibits" to his complaint, which appear to show that his claims in this case are somehow connected to Mr. Harper's proceedings in the United States Bankruptcy Court for the Northern District of California, dating back to 2002, as well as to various mortgage payments he made between 2002 and 2005.

      On January 17, 2020, the government filed a motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC").  On February 10, 2020, Mr. Harper filed a response to the government's motion.  On March 12, 2020, with the

---

[1] To the extent that the complaint names defendants other than the United States, "[i]t is well established that the jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties could not be entertained."  *Nat'l City Bank of Evansville v. United States*, 163 F. Supp. 846, 852 (Ct. Cl. 1958) (internal footnotes omitted); *Delmarva Power & Light Co. v. United States*, 79 Fed. CL 205, 213 (2007), *aff'd*, 542 F.3d 889 (Fed. Cir. 2008) ("The Court of Federal Claims and its predecessor courts have never possessed jurisdiction to adjudicate disputes between private parties.").  Accordingly, this Court dismisses the complaint as to the other named defendants for lack of jurisdiction.

Court's leave, the government filed a reply to Mr. Harper's response.  On March 17, 2020, with leave of the Court, Mr. Harper filed a motion for sanctions.  For the reasons below, the Court **GRANTS** the government's motion to dismiss the complaint and **DENIES** Mr. Harper's motion for sanctions.

The Court has a responsibility to ensure that it has jurisdiction over any claim presented. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Tucker Act, 28 U.S.C. § 1491, establishes this Court's jurisdiction and provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a).

In addition to conferring jurisdiction on the Court, the Tucker Act waives the sovereign immunity of the United States "[f]or actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions[.]" *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004); *see United States v. Mitchell*, 463 U.S. 206, 212–16 (1983).  The Tucker Act, however, "does not create a substantive cause of action[.]" *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).  Rather, "a plaintiff must identify a separate source of substantive law that creates the right to money damages" to "come within the jurisdictional reach and the waiver of the Tucker Act[.]" *Id.* (citing *Mitchell*, 463 U.S. at 216; *United States v. Testan*, 424 U.S. 392, 398 (1976)).

Mr. Harper is proceeding *pro se*, and this Court generally holds a *pro se* plaintiff's pleadings to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *see also Troutman v. United States*, 51 Fed. Cl. 527, 531 (2002).  On the other hand, the Court "may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only." *Kelly v. Sec'y , U.S. Dep't of Labor*, 812  F.2d 1378, 1380 (Fed. Cir. 1987); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019) ("Nonetheless, even pro se plaintiffs must persuade the court that jurisdictional requirements have been met.").  When considering a motion to dismiss pursuant to RCFC 12(b)(1), the plaintiff "bears the burden of proving that the Court of Federal Claims possesse[s] jurisdiction over his complaint." *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001).

When considering a motion to dismiss a complaint for failure to state a claim upon which relief may be granted pursuant to RCFC 12(b)(6), the Court accepts as true all factual allegations in the complaint.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Court, viewing the facts in the light most favorable to the plaintiff, must conclude that "the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plaintiff's factual allegations must be substantial enough to raise the right to relief above the speculative level. *Twombly*, 550 U.S. at 545; *Chapman Law Firm Co. v. Greenleaf Constr. Co.*, 490 F.3d 934, 938 (Fed. Cir. 2007). A plaintiff may not simply plead "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).

In this case, with respect to RCFC 12(b)(1), Mr. Harper's complaint entirely fails to establish this Court's "jurisdiction to entertain the suit" and to state a plausible claim for relief. *Georgetown Steel Corp. v. United States*, 801 F.2d 1308, 1312 (Fed. Cir. 1986).

First, all of Mr. Harper's claims that accrued prior to six years before Mr. Harper filed his complaint on November 15, 2019 are barred by the applicable statute of limitations. In that regard, 28 U.S.C. § 2501 provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." Mr. Harper's reference to a 2002 bankruptcy proceeding and mortgage payments made between 2002 and 2005 — via various exhibits attached to his complaint — indicate that this Court has no jurisdiction to consider Mr. Harper's claims to the extent that the claims accrued during those time periods. *Hart v. United States*, 910 F.2d 815, 818 (Fed. Cir. 1990) ("The government is not required 'to keep its courts open indefinitely for one who neglects or refuses to apply for redress until it may fairly be presumed that the means by which the other party might disprove his claim are lost in the lapse of time.'") (quoting *Wilson v. Iseminger*, 185 U.S. 55, 62 (1902)). To the extent Mr. Harper's claims arise from some later time period, Mr. Harper's complaint contains no factual allegations pointing the Court towards the basis of such claims, let alone when they might have arisen.

Next, even assuming that the statute of limitations does not bar all of Mr. Harper's claims, this Court lacks subject-matter jurisdiction over those claims that the complaint expressly identifies. Mr. Harper's complaint primarily requests that this Court order the defendant to "show cause," but fails to identify any provision of law that entitles Mr. Harper to such relief, let alone one that might possibly serve as a basis for a claim over which this Court would possess jurisdiction. *See* Compl. at 2 (citing to 14 C.F.R. § 302 — a regulation governing "the conduct of all aviation economic proceedings" before the Department of Transportation). Similarly, this Court does not have jurisdiction to adjudicate Mr. Harper's claims that the defendants obstructed justice in violation of various provisions of Title 18 of the United States Code. *See Stanwyck v. United States*, 127 Fed. Cl. 308, 315 (2016) ("Our court lacks jurisdiction over violations of criminal law[.]"). Furthermore, this Court has no jurisdiction to adjudicate claims sounding in tort, including Mr. Harper's broad assertions of negligence. 28 U.S.C. § 1491(a)(1); *see Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1327 (Fed. Cir. 1997).

Finally, even if the complaint cites generally to some statutory or other claim over which this Court might generally possess subject-matter jurisdiction, Mr. Harper has failed to state a claim upon which relief may be granted.  The complaint contains virtually no factual allegations, let alone "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009).  Mr. Harper cannot satisfy RCFC 12(b)(6) merely by citing a long list of statutes and regulations.  Accordingly, even construing the complaint as liberally as possible, the Court cannot discern what violation of law or contract Mr. Harper believes the United States committed here, such that Mr. Harper would be entitled to monetary damages (*i.e.*, even if all the factual allegations contained in Mr. Harper's compliant are assumed to be true).  To the contrary, any factual allegations that may appear in the complaint, even assuming their truth — as the Court must in resolving a motion to dismiss — fail to demonstrate any entitlement to relief.  *Twombly*, 550 U.S. at 555 (holding that factual allegations must demonstrate that a claim is more than speculative).

Accordingly, this Court **GRANTS** the government's motion to dismiss the complaint pursuant to both RCFC 12(b)(1) and 12(b)(6).  Mr. Harper's motion for sanctions borders on frivolous and fails to provide any compelling reason for the Court to exercise its power to impose sanctions.  *Nat'l Org. of Veterans Advocates, Inc. v. Sec'y of Veterans Affairs*, 710 F.3d 1328, 1335 (Fed. Cir. 2013) (noting that sanctions "must be fashioned with restraint and discretion").  The Court thus **DENIES** Mr. Harper's motion for sanctions.  The Clerk is directed to enter judgment accordingly.

      **IT IS SO ORDERED**.

*Matthew H. Solomson*
Matthew H. Solomson
Judge